HARVARD LAW SCHOOL LIBRARY

RILEY, PLAINTIFF IN ERROR, VS. CLAMORGAN & RIPPEY, DEFENDANTS IN ERROR.

1. The yearly value of the widow's dower in real estate, when it is not susceptible of division, and when she is to take an annual sum in lieu of dower, under the 28th and 29th sections of the act concerning dower, (Revised Co de, 435) is its net annual product, without the expenditure of money or labor upon it, after deductions have been made from its gross income, of all the charges to which it is subject, such as taxes and repairs.

## ERROR to St. Louis Circuit Court.

### STATEMENT OF THE CASE.

Mary Riley sued Clamorgan & Rippey in dower   The premises are two lots in the city of St. Louis, one hundred feet front by one hundred and fifty feet deep, of which, however, the dowries husband owned only an undivided two thirds.   The premises were improved and not susceptible of divisions.   The dowress did not claim dower in the improvements, the premises being aliened by the husband in his life time.

There was no dispute as to the right of dower in the lands.

The only point presented for the decision of the supreme court is, as to the rule upon which the value of the dower shall be assessed.

The plaintiff, by her attorney, moved the court to instruct as follows:

1. In assigning the yearly value of the widow's dower in the premises of which dower is sought, the jury should assess such value as the interest on the value of the estate in the dower would be if the widow owned such estate in fee.

2. In computing the annual value of the widow's dower in the premises in which she has dower, the jury may compute the value of the estate she has, as if she owned it in fee, and

Riley vs. Clamorgan & Rippey.

then the annual value of such estate is the legal interest upon such value, per annum being bound to keep down her proportion of taxes.

3. The widow being entitled to a dower estate in the one-third of an undivided two-thirds of a lot, one hundred front by one hundred and fifty feet deep, the jury in computing the value of her dower, should compute and fix the value of the husband's estate in fee, and fix, as the yearly value of the widow's dower the one third of the legal interest on such ascertained value of the husband's estate, deducting her proportion of taxes.

4. In assessing the widow's damages the jury should assess such damages on the principle of giving her the interest on one-third of the value of the husband's estate from the time of the institution of the suit until the time of the assignment of the damages, computing such value at its value at the time of the institution of such suit or of intermediate periods thereafter, so as to ascertain the mesne value of said estate during said time deducting her proportion of taxes.

5. In assigning the widow's damages they should be fixed upon the same principle as asked in the plaintiff's instructions marked 1, 2, 3, she being bound to account for her proportion of the taxes on her estate during said term.

6. That the widow is entitled to a dower in the premises as against the alienee of the husband in his life-time, according to the increased value of the premises arising from natural and extrinsic causes independent of improvements placed upon the premises by the allenee of his grantees.

. Which instructions the court refused to give, whereupon the plaintiff's counsel then and there excepted to the refusal of the court to give said instructions.

The defendants then moved the court to instruct the jury as follows:

1. The widow is entitled to one-third of what 66 2-3 feet front by 150 feet deep would rent for, leaving out all improvements, and deducting the reasonable and probable amount of taxes on the ground free from improvements.

2. The jury are to allow to the plaintiff in this case as damages and as dower on the two-thirds of 100 feet front by 150 feet deep, making 66 2-3 feet front from the one-third of the net annual value of the same 66 2-3 feet, deducting taxes on the same, and not taking into account the improvements.

3. The plaintiff is not entitled to six per cent. interest on the estimated value of the fee of one-third of the 66 2-3 feet by 150, and this is not the basis for the ascertainment of her rights, but the jury will consider what the use of said land be worth, apart from the improvements, and deducting annual taxes, and she is entitled to one-third of the sum, and the court so instructed the jury, to the giving of which instructions so prayed by the defendant's counsel the plaintiff by her counsel then and there excepted.


CLOVER, for appellant.

I. The only sensible, possible and sufficient rule of assessing the yearly value of the widow's dower in real estate under our statute of dower, where the dower laws cannot be allotted, is to give the widow the equivalent of interest at the legal rate upon the one-third of the ascertained value of the fee, yearly, for and during life.

II. The term "yearly value" in our statute does not necessarily mean the yearly rent, because land situate as the land out of which dower is adjusted is no yearly rent, that is to say it would rent for nothing on a lease for one year and so the witnesses testify, and yet the land is valuable to the widow

III. The jury have arbitrarily given the widow what would be a rent of the land on a five year's lease and yet the widow's interest may be worth a twenty year's lease and the rent on a lease for such a term, would be correspondingly enhanced.

IV. To give the widow the interest on one-third of the value of the fee, is a just rule, because she is willing to take the land, and is prevented by the act of the defendants, who have

improved it and put it in such position as that her dower cannot be assigned to er, this is no fault of hers.

To say that the rule, that what the land would rent for is the criterion of the yearly value of the widow's dower, is absurd, as is manifest by the circumstances of this case, no person would rent the land, because as a mere renting from year to year, they cannot improve, because their estate is liable to be defeated by the death of the widow.

To make the criterion of the value a five year's lease, might be equally unjust to the widow, for her life may be worth 20 years, to give her the interest upon the value of her estate, supposing her to hold it in fee, would be just, because in this city lai d always rents for the interest upon its value.

V. The statute does not say that the yearly rent of the land is the yearly value of the widow's dower, and this court will not so construe it.

Authorities—6 Johnson's Chy. Rep. 262; 11 Ala. R. 31; 7 Cranch. 370; 1 Bailey R. 278; 2 Constitutional Court Rep. 627.

SPALDING & SHEPLEY, for defendants in error.

The only question in this case is the measure of damages which the husband alienates in his life time, and his widow claims dower in the premises. Here the widow. Mary Riley, insists, that she is entitled to an annual payment of what would be the interest of one-third of the cash value of the land. The defendants contended, that she was entitled to one-third of the yearly value, that is, the rent income of the land rejecting improvements made by the alienes of the husband.

I. Dower is to be assigned according to the law in force at the time of the alienation of the husband; and this was the act on dower in the Rev. Code of 1835, page 228-9, &c., sections 23, 24.

11 Miss. Rep. 204, Kennerly vs. Missouri Ins. Co., where husband alienates before death, the law then in force governs dower, &c.

II. The widow was entitled in this case to the value of one-third of the net rents, profits and income of the land exclusive of the improvements made since the alienation.

That where husband alienated in life time the wife is entitled to dower according to the value at the time of the alienation and not according to the value as in hand by improvement since; and this is the common law rule.

2 John. 484; 10 Wend. 485; 15 John. 21; 5 Serg. and R. 289; 2 Ceanst. Ct. R. 254; 2 Black. 223; 9 Mass. 8; 8 Pick. 532; 4 Leigh. 509; 3 Mason 370; 10 Miss. Rep. 746 show, that the yearly value of the use of the lands, is the value of damages and not the value of the fee. See p. 753, 9 Miss. Rep. 239. This case evidently contemplates this as the rate of computation.

(9 Law Library) Pack on dower, p. 301-2. The statute of Morton first gave damages in dower and enact that the damages shall be "the value of the whole dower to them belonging from the time of the death," &c., and at page 306-7 the other says, "by damages are to be understood the profits of the third part," &c., and if the land is leased, she will receive according to the rent; and p. 307, the injury is what value the lands are by the year, &c.

Sedgewick on damages p. 130. Damages in dower, assesed without deductions on account of land tax, repairs, &c., are erroneous. By damages are to be understood the net "profits" of the third part of the land.

4 Wash. C. C. Rep. 305. The husband conveyed in his life time, and there was suit for dower. One-third of the rents and profits, as computed by the master of the land in its unimproved state was paid.

3 Mason 347 at 377, the court directs that the land cannot be set off to the widow, then "to ascertain and report the true yearly amount and value of the rents, profits and income of

said lands," exclusive of improvements. The husband had alienated in his life time. 4 Mass. 533; 12 Mass. 454; 15 Mass. 164.

In assignment of dower, commissioners are to look at the rents and profits only of the estate, and the widow is to have such part as will yield her one-third of the income.

The statute giving the "yearly value" when the third cannot be set off to the widow does not aim at increasing her interest. It merely affords a substitute. As she cannot get the actual use of it, it gives her an equivalent, that is, the value of that use in money. And as if it were set off to her in kind, she would have to pay taxes and repairs, &c., so, when the yearly value is given to her in money, it must be subject to deduction on account of taxes, &c. 11 Ala. 3, common law mode of sustaining dower, &c.

III. Proof as to taxes was objected to, and an exception taken by plaintiff below; but the relevancy of this testimony depends on the determination of the preceding point. If the one-third of the income is what the widow is entitled to, then the evidence as to probable amount of taxes on the ground itself is relevant.

The bill of exceptions does not state that it contains all the testimony.

GAMBLE, J., delivered the opinion of the court.

In addition to the statement made by counsel it is necessary the case should show the fact, that no evidence was given as to any increase or diminution in the value of the property in which dower is claimed or in its yearly value, since the alienation by the plaintiff's husband.

The only question, then, presented is, what rule is to be adopted in computing "the yearly value of the widow's dower in the premises," when they are not susceptible of division, and when she is to take an annual sum in lieu of dower, under the 28 and 29 sections of the act concerning dower: Rev. Code 435.

It is contended, on behalf of the widow, that the proper rule is, to take the value of the whole premises in money, and allow her, annually, for life, a sum equal to the interest on one-third of that value. In support of this position, reference is made to the opinion of Chancellor Kent, in the case of Hale vs. James, 6 John. Ch. R. 258, and to the decision, Beavis & Jamison vs. Smith, 11 Ala. Rep. 31.

We do not feel authorized to adopt any such rule of computation in this state. When the statute gives to the widows a sum of money, which is to be assessed as the yearly value of her dower, it authorizes no such assumption as that the yearly value will be equal to legal interest on the value of the fee simple. The investment of money in real estate, is here regarded as a judicious investment, because, in general, the appreciation of the property will exceed any ordinary rate of interest, and such investments are made in unimproved property, with no expectation that in addition to the appreciation of the property it will produce an annual income, equal to legal interest upon its value.

The yearly value of real estate is its net annual product, without the expenditure of money or labor upon it, after the deductions have been made from its gross income, of all the charges to which it is subject, such as taxes, repairs &c.

The design of our law is to give to a widow the use for life of one third of her husband's real estate, to be set off to her by metes and bounds, if practicable, without injury to the interests of those concerned. If from any cause she cannot have this third of the property, she takes, in lieu of it, an equivalent in money, which the law calls "yearly value of her dower." In such case, the owner of the fee continues in the enjoyment and use of the whole property, including her third. The question then is, how much is the yearly value of that third to him when the property is used, so as to make it productive. This will depend upon the locality of the property, its fitness for different uses, and all circumstances by which its productiveness may be increased or diminished. On the one hand no fanciful idea is to be indulged of modes in which, by extraordinary management, it might be made to produce a large income; nor, on the other, is the idea to be allowed a controlling influence, that the owner may not chose to make it productive. It is a practical question, to be determined in relation to property held by one person, for the use of which he is to pay an annual sum for the whole life of another. It is a question that applies to the particular property in which the dower is claimed.

The uncertainty of the widow's life is not to be considered as a cause for reducing the amount; for that uncertainty attaches to the continuance of the annuity which is to be paid in lieu of dower. The sum to be annually paid, is the same, whether the widow be old or young, and whether the condition of her health gives promise of long life or not.

The first five instructions asked by the plaintiff were therefore rightly refused, as they are all based upon the idea that her annual allowance is to be computed by the rate of interest upon a capital of money.

The sixth instruction, in which dower was claimed upon the value of the property as increased by other causes than the improvements made by the alienees of the husband was rightly refused, because there was no evidence given, as to any increase or diminution in the value of the property.

We now turn to the three instructions given by the court at the request of the defendants, and they show this remarkable fact, that three instructions, each of which covers the whole matter in dispute, and each differs in some measure from the others, in the basis upon which the computation of the widow's allowance should be made, are all at

the same time given to the jury. It is not the question, in such case whether some one of the instructions may not be right, but is, whether either of them is wrong; for if either of them be wrong, it is impossible to ascertain that the calculation by the jury was not based upon it.

The evidence given on the part of the plaintiff was directed entirely to the value of the fee simple, as the claim was for interest upon one third of such value. The evidence on the part of the defendant was confined to the question, how much rent the property would produce upon leases of different duration, from one to thirty years. The first of the three instructions given, limited the plaintiff's right to one third of what the property "would rent for leaving out all improvements, and deducting the reasonable and probable amount of taxes on the ground, free from improvements." The second, allowed the plaintiff one third of the net annual value of the property, deducting taxes and not taking improvements into the account. The third allowed her one third of the value of the use of the land, apart from *improvements* and deducting taxes.

Considering the state of the evidence before the jury, the first instruction was calculated to mislead them. They had before them estimates of the probable rent that the property would produce, when leased for different periods, and these estimates differed from ten cents to one dollar and fifty cents per front foot, according to the length of the lease. If they were at liberty to take either of the amounts, according to their own judgment, then the instructions applied no rule of law for their guidance, and the objection to the instructions is, that it left the whole question to the discretion of the jury, to take any one of the different amounts as the basis upon which they were to calculate the sum to be paid to the widow.

It is also objectionable, in leaving the deduction to be made on account of taxes, to probabilities, instead of being governed by the facts proved.

Either the second or the third instruction would by itself have been a proper direction to the jury, and there is no objection they were both given.

The judgment is reversed on account of the giving the first instruction and the case is remanded for further proceedings according to this opinion,