MARY REILY, Defendant in Error, v. BARTON BATES, Plaintiff in Error.

*Dower—Admeasurement—Annual Value.*—In assessing the annual value of the dower of the widow in land not susceptible of being admeasured, the value is to be determined from what may be the net annual product without the expenditure of money or labor after deducting all charges to which the land is subject, such as taxes, repairs, &c. See Clamorgan v. Rippey, 15 Mo. 381.

*Error to St. Louis Land Court.*

This suit was commenced at the March term, 1854, of the St. Louis Land Court, by Mary Reily, to recover her dower in one undivided two thirds part of lot No. 28 in John P. Reily's addition, &c. The defendant answered, admitting the demandant's right; but in his answer, to avoid the payment of allowance in lieu of an assignment in kind, offered to have set off to her a quantity of land greater than she was entitled to. Upon this answer, judgment was given for the demandant that her dower be assigned her, and commissioners were appointed to set off the same. The commissioners having proceeded, &c., reported that the premises were not susceptible of division.

At the October term, 1856, a jury was empannelled to assess the demandant's damages and the yearly value of her dower. A trial was had and the damages were assessed at one hundred and five dollars and sixty cents, and the yearly value of the dower at thirty-nine dollars and sixty cents, for which the demandant had judgment.

The case was submitted to the jury upon the following instructions for plaintiff:

1. The jury is instructed that the yearly value of the plaintiff's dower in the premises is such sum as the property might produce when used so as to make it reasonably productive, considering the value, locality, fitness for various uses, and all circumstances by which its productiveness may be increased or diminished, exclusive of taxes and such other charges as the property may be subjected to.

2. The jury is instructed that the fact that the defendant chooses to let the property be idle and unproductive, furnishes no reason for diminishing the yearly value to be assessed.

3. The yearly value is to be assessed without regard to the uncertainty of the widow's life and without regard to her age. The question is, what would be the yearly value of the premises to the defendant when used by him so as to make the same reasonably productive without regard to time?

4. The jury is instructed that the plaintiff is entitled to damages from the commencement of this suit down to the present time, the measure of which damages is the yearly value of one third of two thirds of the whole lot.

5. The jury is instructed that the yearly value to be assessed is one third of an undivided two thirds of the whole lot of fifty feet on Fifteenth street by a depth of one hundred and fifty feet to an alley.

Defendant prayed the following instructions, which were refused:

1. In estimating the yearly value of the widow's dowry, the jury will find it as the net annual product of one third of two thirds of the whole lot without the expenditure of money or labor upon it after deductions made from its gross income of all the charges to which it is subject, such as taxes, &c.

2. The owners of the land are not bound to improve it for the benefit of the doweress. It is at his own option to improve it or not, as may seem best to him for his own interest.

3. The plaintiff in this case has been adjudged to be entitled in right of dower to the possession and use of one third part of two thirds of the lot of ground in question during her life; but as by the report of the commissioners she cannot have that, she is now entitled to an annual sum of money in lieu of the land equal to the annual value of the land itself; and in estimating the annual value of the dower, the jury ought not take into account improvements which the owners may or may not make hereafter.

*Gibson, Colman* and *Bland,* for plaintiff in error.

*S. A. Holmes,* for defendant in error.

FAGG, Judge, delivered the opinion of the court.

This suit was instituted in the St. Louis Land Court. The defendant in error (plaintiff below), as the widow of John P. Reily, deceased, claimed to be entitled to dower in the undivided two thirds of a vacant lot of ground situate in

the city of St. Louis. The defendant Bates admitted in his answer the right of the plaintiff, coupled with an offer to have the same admeasured and set apart to her in a quantity even larger than in strictness of right she might be entitled to. This offer was afterwards and before the trial extended to a surrender of the entire ground to the plaintiff for and during the term of her natural life. This offer however was not accepted and the suit was prosecuted to a judgment in favor of the plaintiff, and the case is brought to this court by writ of error.

The entire trial in the Land Court proceeded upon the theory that as it had been ascertained by the report of the commissioners that the property was not susceptible of division so as to set off the widow's dower in kind, that an amount of money equal to one third of the yearly value of two thirds of the premises must be paid to her, to be fixed by ascertaining what the yearly rent would be if the same had been so improved and used by the defendant as to make it reasonably productive.

The pleadings show the fact that the defendant Bates was a mere trustee. But if he had been absolutely the owner of the fee, it is difficult to perceive upon what grounds such a theory could be based. It seems to be well settled in this country that the endowment of the widow " is to be according to the value at the time of alienation in case the husband sold in his life-time, and according to the value at the time of assignment if the land descended to the heir."—4 Kent's Com. (6th ed.) 65. If improvements are made by the heir previous to the assignment, she will get the benefit of them. If, however, the property is suffered to remain in the condition in which it is found to be at the time that the right of dower becomes consummated, she cannot go beyond its ascertained value at that time. In the case of Reily v. Clamorgan & Rippey, 15 Mo. 331, this question was clearly settled. Judge Gamble, in delivering the opinion of the court in that case, said : "The yearly value of real estate is its net annual product without the expenditure of money or labor upon it after

the deductions have been made from its gross income of all the charges to which it is subject, such as taxes, repairs," &c.

This is a question that depends upon all the facts and circumstances attached to the particular property in which dower is claimed. If it be said that it is the duty of the owner of the fee to improve an unproductive piece of property in which dower is claimed so that the same shall be made productive, by what rule is the measure of such improvements to be fixed? We know of no rule of law that imposes such an obligation on the person claiming the fee. In the very nature of things no rule can be laid down by which the character and amount of the improvements could be fixed. It is true that the owner would have no right to do any act which would be calculated in the least to lessen the productiveness of the property. But the question does not depend upon whether the property is actually used or not. The question is, what is the yearly value to be placed upon the property if used, or permitted to be used, for the purposes to which it is particularly adapted? This we understand to be the spirit of the rule laid down by Judge Gamble in the case cited.

It follows, then, that the admission of the testimony on the part of the plaintiff, to show that the property described in the petition if improved by the erection of houses thereon in a reasonable and proper manner so as to make the property productive, was erroneous. The defendant ought to have been permitted to introduce testimony to prove that the annual product of the premises, without the expenditure of labor or money, after deducting the taxes, would have been nothing. The instructions given on the part of the plaintiff, and predicated upon the testimony thus erroneously admitted, were also improper. The instructions asked by the defendant and refused by the court ought to have been given.

The judgment of the Land Court must therefore be reversed, and the cause remanded for further trial, in accordance with this opinion. The other judges concur.