MARGARET THOMAS, Respondent, v. EMIL MALLINCKRODT, Appellant.

1. *Land, value of—Evidence—Opinion of Witness.*—The opinions of property-holders residing in the neighborhood where land is situated are admissible evidence as to its value.

2. *Dower, action for recovery of — Deforcement — Damages.* — In an action under section 22, chap. 130, Gen. Stat. 1865, for the recovery of dower in certain lands, it is the duty of the jury to find from the evidence before them what is the reasonable net yearly value of the land, without reference to any improvements, and after deducting the taxes, if such land had been reasonably used by the owner; and it is for the plaintiff to prove the amount of damages she has sustained by reason of her deforcement.

3. *Dower — Deforcement — Assessment of damages for, up to what time.* — The design of sections ·22 and 30, chap. 130, Gen. Stat. 1865, is that damages for deforcement shall bo assessed up to the time when the report of the commissioners appointed to admeasure dower is approved by the court, and not merely till the time when the same is presented.

### *Appeal from St. Louis Circuit Court.*

Margaret Thomas, the plaintiff, sued the defendant, at the October term, 1858, of the St. Louis Land Court, to recover her dower in certain lands in north St. Louis, described in the petition, and being part of a larger tract of $123\frac{20}{100}$ arpents, formerly owned by Martin Thomas, her husband. Martin Thomas died September 13, 1848. The plaintiff's petition for dower was filed September 13, 1858, against this defendant. Many other persons in possession of other parts of the same tract were sued at the same term, the plaintiff averring that she had never relinquished her dower in any part of the same. The general questions as to her right to recover her dower were passed upon by this court in the case of Thomas v. Meier, 18 Mo. 573, and Thomas v. Hesse, 34 Mo. 13 ; the other cases referred to, including the case at bar, being continued from term to term to await those decisions. On the 28th of January, 1865, this cause came up for trial and was submitted to the court, which found that the plaintiff was entitled to a dower interest of one-third part, for her natural life, in the specific lands in the dower mentioned; and it was ordered by the decree that Haven, Maguire, and Edgar, as commissioners, should admeasure and assign her dower. On the 22d of June, 1865, these commissioners filed their report, whereby was set off and assigned to the plaintiff, in full of her dower in the lands in the decree mentioned, a lot of ground in block 1208 of the city of St. Louis, bounded west by Main street, north by Mallinckrodt street, east by Kennett street, and south by other

lands in said block, having a front of 241 feet 9 inches on the east side of Main street, by a depth of 1300 feet westwardly to Kennett street, and a front of 217 feet on Kennett street, by a depth on Mallinckrodt street of 300 feet. No steps in the cause were taken by either party, after the filing of this report, till the October term, 1867, when, on the 17th of October, 1867, the court, on motion of plaintiff, approved the foregoing report. On the 6th of February, 1868, a jury was impaneled to assess the damages in favor of the plaintiff for the detention of the dower so set apart to her.

Lewis Bissell testified, in substance, for plaintiff, that he owned property in north St. Louis, lying from a third to a half mile north of the land in question, and that for this reason he supposed his land to be less valuable; that he had, from time to time, leased part of his property in lots during the last twelve or fourteen years; that he had laid out several additions on his property, and had leased unsold lots as occasion offered, but did not think he had leased as many as a hundred lots in all; that the highest lease was one dollar, and sometimes fifty cents, per foot; some of his leases were for building purposes, for a term of five years; that he did not know what the tract, for dower in which plaintiff sued, would have leased for during the period in question; during that time his own property brought in very little income, there being no call for it; he had not been able to lease an average of more than one-sixth of his lots; could not say whether the rents received from the lots he did lease paid the taxes on said lots; thought it doubtful. Defendant's counsel then proposed to said witness the following questions, which were severally objected to by plaintiff's counsel, and the objection sustained:

1. Did the annual amount received from rents on the leased lots more than pay the taxes upon the whole number leased and unleased embracing the period from 1858 to 1865?

2. When you leased one-sixth of the lots in a block, did the annual rents received therefrom more than pay the annual taxes upon the whole block during the period from 1858 to 1865?

3. Had the plaintiff been in possession of the property or lots in question from 1858 to 1865, could she, by any reasonable effort,

have rented the same, upon leases to terminate with her life, for more than the annual taxes upon the same?

H. W. Leffingwell testified as to the fair yearly rental value of the several lots held by the defendant, exclusive of taxes and improvements, from September, 1858, to June, 1865, summing up the entire yearly value thereof at $1,366.70; but stated that he had no personal knowledge of what this property could have been leased for; that his opinion as to the rental value was made up exclusively by affixing a fair valuation — a low valuation, he thought — upon the land in fee simple, and then taking six per cent. per annum on such valuation as the fair yearly rental; knew nothing himself about the property in question; the valuation he set upon the property was not at a cash price, but what it would sell for in fee at say one-fifth or one-fourth cash, and the balance in one, two, and three years.

Edward Haven testified that, in his opinion, the fair yearly rental value of the entire tract of which defendant was in possession (as described in the decree), exclusive of taxes and improvements, during the period in question, would have been about $991.55 per annum, but stated that his estimate was made up exclusively by setting a cash value on the land in fee simple, and then assuming that whenever any man wanted to lease land in this city he would pay six per cent. per annum on the cost value thereof as yearly rent for it; but he could not say what the property in question would have leased for from 1858 to 1865.

The testimony on behalf of defendant tended to show that very little of the land held by him could have been leased for more than the taxes assessed on it; that the eastern portion of the tract was liable to overflow, and was overflowed in high water; that from 1860 to 1865 there was little or no demand for any such lands; or opportunity of leasing it.

Plaintiff asked the following instruction, which was given:

The jury are instructed that said plaintiff is entitled to recover in this cause damages for the detention of her dower from the 13th day of September, 1858, down to the 22d day of June, 1865; and in assessing the same the jury will consider how much has been or would have been the yearly value of said land in the

petition mentioned, apart from improvements, and deducting the annual taxes, when so used by the owner thereof as to make the same productive; and in estimating the damages the plaintiff is entitled to recover one-third of what the jury shall so find."

Plaintiff asked the following instruction, which was refused:

"The jury are instructed that said plaintiff is entitled to recover in this cause damages for the detention of her dower from the 13th day of September, 1858, down to the 17th day of October, 1867; and in assessing the same the jury will consider how much has been or would have been the yearly value of said land in the petition mentioned, apart from improvements, and deducting the annual taxes, when so used by the owner thereof as to make the same productive; and in estimating the damages the plaintiff is entitled to recover one-third of what the jury shall so find."

Defendant asked the following instruction, which was given:

"The defendant asks the court to instruct the jury that, in estimating the value of the plaintiff's dower from September 11, 1858, to June 23, 1865, the jury are not authorized to fix a value on the land in fee simple, and then to allow or compute the yearly value of the land at any given rate of interest on such supposed value. It is the duty of the jury to find from the evidence before them what was the reasonable net yearly value of said land, without reference to any improvements, and after deducting the taxes, if the same had been reasonably used by the owner; and it is for the plaintiff to prove the amount of the damages she has sustained."

Defendant asked the following instructions, which were refused:

1. "That the jury are to allow the plaintiff in this case, as damages on the land subject to dower, the one-third of the net annual value from June 11, 1858, to September 23, 1865, deducting taxes and assessments if any, and not taking into account the improvements."

2. "That, in assessing the damages of the plaintiff upon unimproved lands that have in no way been productive while in the possession of the defendant, the jury will indulge in no fanciful ideas of modes in which, by extraordinary management, such land might have been made to produce a net income — such as the leasing for a longer and more certain term than the plaintiff her-

self could have granted had she all the time been in the possession of her land during the same period herself."

The jury found a verdict of $437 for plaintiff, and the case comes here by appeal.

*Hitchcock & Lubke,* for appellant.

I. The verdict should have been set aside by the court below, because there was no evidence to sustain it. The testimony of defendant's witnesses all negatived the idea of any net yearly value of the land in question, and therefore furnished no ground for the verdict.

II. The court erred in excluding the questions proposed by the defendant to the witness Bissell. The first of these questions was directed to the relation or proportion existing between the gross rents of all the lots that were leased by Bissell, and the entire amount of the taxes levied upon all the lots lying in the tract concerning which he testified, whether leased or unleased. Defendant insists that to exclude this question was error, because, since the plaintiff was entitled only to one-third of the net or surplus yearly value of the whole property, after deducting and allowing for all taxes, etc., the comparison which defendant desired to make between the gross rents and the entire taxes on the whole tract was indispensable to ascertain the real net yearly value of the whole property. By excluding such inquiries the court permitted the jury to estimate the net yearly value of a large tract of land containing many lots, upon loose statements of the gross rents received for a part of these lots — one-sixth in all — without any proof as to what the taxes amounted to, and without knowing, even in gross, whether the rents received were more or less than the taxes paid on the whole. This was manifestly wrong; it withdrew from the jury an essential element required for the computation they were to make.

III. The court erred in excluding evidence and refusing an instruction offered by defendant, both of which were on the theory that the plaintiff was entitled to recover as damages only the actual value of her dower; that is, the net yearly value of her life estate in one-third of the lands in question. In effect, the court held that she was entitled to recover one-third of the yearly fee simple

Thomas v. Mallinckrodt.

value of the entire tract. This is not in conformity with the statute (Gen. Stat. 1865, p. 522, chap. 130, § 22), which expressly defines the damages recoverable by the dowrers in such cases to be "the value of the whole dower to her belonging, from the time of demanding dower unto the day that she shall recover her dower." The decision in Riley v. Clamorgan, 15 Mo. 331, which plaintiff claims fixes the rule as laid down by the court, did not relate to such a case as this, but to one where, the land being found not susceptible of division, a yearly allowance or annuity in lieu of her dower in future is awarded to the plaintiff. The case at bar, of damages awarded for detention of dower lands in the past, is separately provided for in the statute, and rests on a different principle.

IV. The plaintiff complains of error in the court below in allowing damages to be computed from the date of suit brought only down to June, 1865, the time the commissioners' report assigning dower was made, and not down to October 27, 1867, when it was approved. We reply that the date of filing the report assigning her dower, which was never objected to nor offered by either party, was the date intended by the statute. The widow recovered her dower so far as a final judgment declaring her rights was concerned, before June, 1865. At that date her dower was regularly assigned by the commissioners; and if she chose to neglect it for two years after, it is not for her now to claim damages for this further period, during which, if she did not have the report formally confirmed and take possession of her lands, it was her own fault.

*J. R. Shepley*, for respondent.

I. The court rightfully excluded questions put to Captain Bissell. There was no evidence excluded in relation to the question as to whether the rents from the lots in question would have more than paid the taxes.

II. The instructions, as given, were properly given, and were the law applicable to the case. The instruction given for the plaintiff is not objected to, and the giving of it is not assigned as error in the court below; therefore there is no necessity of discussing the propriety of the giving of plaintiff's instruction. It

is contended by the counsel for appellant that the rule in Clamorgan v. Riley, 15 Mo. 335, is only applicable to the case where the land is unsusceptible of division and a yearly sum has to be given in lieu of dower; and has no application to the case of damages where the dower can be assigned. But in that case both damages and a yearly value in lieu of dower were recovered; and the court, in giving their opinion, make no distinction. In that case the court were bound to have said, if they entertained the view now contended for, that in estimating the damages the jury might take into view the uncertainty of the life of the widow in estimating the value of her dower up to the time of trial.

III. Instead of the verdict being for too much in this case, it is not enough, as the court instructed the jury that they could allow damages only up to the time of the filing the report of the commissioners assigning dower. The report was confirmed nearly two years afterward. The time to which they should have allowed plaintiff damages was up to the time of trial, as that was the time fixed by statute. That the time of the filing of the report was not the time to which damages should be confined is obvious, when we consider that up to the confirmation, that assignment could have been set aside by the court, and up to the confirmation she could not have leased the land, and could not have maintained ejectment against a trespasser. It was no more the duty of the plaintiff to move for a confirmation of the assignment than it was the defendant's duty.

WAGNER, Judge, delivered the opinion of the court.

The evidence of Capt. Bissell, which the court excluded on the objection of the respondent, was properly ruled out, as it had no tendency to support any issue raised in the cause, and was inadmissible to show the value of the estate in controversy. Property-holders and residents of the neighborhood where land is situated are competent witnesses to fix the price of land in that neighborhood. Generally, the opinions of witnesses are not evidence; but there are exceptions to the rule. The case of the value of property forms one of the admitted exceptions, and the opinions of witnesses are admitted as to the value of property. (Robertson

v. Knapp, 35 N. Y. 91 ; Clark v. Baird, 5 Seld. 183 ; Jay v. Hopkins, 5 Denio, 84 )

The questions propounded to the witness were not for the purpose of eliciting the real value of the plaintiff's estate as dowress in the land, but were directed to the point as to what he realized from the use of his property, which was obviously managed in a different manner and under very dissimilar circumstances. The instruction given for the plaintiff, although excepted to, was not included in the defendant's motion for a new trial as a ground of error, and can hardly be made to avail him in this court. We have examined it, however, and cannot see that it is objectionable. It is to be read in connection with the one given for the defendant, and they are not inconsistent or different in principle.

The instruction for the defendant declared that it was the duty of the jury to find from the evidence before them what was the reasonable net yearly value of the land, without reference to any improvements, and after deducting the taxes, if the same had been reasonably used by the owner ; and that it was for the plaintiff to prove the amount of damages she had sustained. This, it seems to me, was a fair and just presentation of the law, and leaves no substantial ground for complaint.

The report of the commissioners appointed to admeasure dower was made at the March term of the court, 1865, but was not approved till the October term, 1867. The plaintiff asked an instruction that she was entitled to damages for deforcement up to the approval of the report in 1867. This the court refused to give, and confined the assessment to the time the report was presented. The refusal was duly excepted to, but, as the judgment was for the plaintiff, no appeal was taken in her behalf; and therefore, if error was committed, no reversal can be had for that cause. But as the counsel on both sides are anxious to obtain the views of the court on the question, as there are other suits pending, I will proceed to state them.

By Gen. Stat. 1865, ch. 130, § 22, it is enacted that when any widow shall be entitled to dower in any real estate, and she be deforced thereof, or cannot have it without suit, she may sue for the same and have damages up to the day she recovers it. Section 30

provides that when any report assigning dower shall be approved, the court shall impanel a jury to assess the damages, and shall render judgment for the damages assessed, if the same have not been done, and award a writ of possession, according to the report of the commissioners, and execution for the damages.

Now, the law intends that damages shall be assessed up to the time she attains her rights and obtains restitution. Till the report of the commissioners is approved, no jury can be impaneled to assess damages ; till then she has no determination or judgment of the court in her favor. At any time before approval the report is liable to be excepted to and set aside ; the widow is dispossessed, and the occupant retains control of the premises, enjoying the profits. Suppose that, where the possession was valuable, the defendant should appear in court, on the presentation of the report, and obtain a continuance, and postpone and delay for divers causes any final action for several terms, would there be any justice in depriving the widow of her legal rights, and holding that she was restricted in her recovery to the time the report was filed ? But the law will bear no such construction ; till the report is acted upon and becomes final, there can be no assessment of damages, and the damages accrue and date up to that time.

The court misconceived the law, and should have given the instruction ; but, for the reason before stated, the judgment can not be reversed. Judgment affirmed. The other judges concur.