ELIZA O'FLAHERTY, Appellant, *v.* JAMES C. SUTTON, Respondent.

1. *Dower, action for deforcement of — Mode of estimating damages — Yearly value if the land had been properly improved, etc.* — In assessing the damages due a widow for the detention of her dower, it is the duty of the jury to find from the evidence in the cause what would have been the reasonable net yearly value of the land without reference to any improvements, after deducting the taxes, if the land had been reasonably used by the owner, and to allow plaintiff one-third of the net sum. This rule imposes on the owner of the land the duty of making it reasonably productive, so that the widow shall obtain her proportionate share, if any is due her, by fair management. It matters not whether the property has been actually used. The true criterion is, what would be the yearly value of the land if the property had been reasonably used by the party in possession holding the title.

### *Appeal from St. Louis Circuit Court.*

*Bakewell & Farish*, for appellant.

The dowress should have been permitted to show at what rate she could have rented the land had she been in possession from November, 1855, to date of injunction, with power to fence, clear and cultivate the land as lands in the neighborhood are used. And if she could have rented it in this way, lessee to pay taxes, for any annual sum on these terms, from year to year, her damages are the gross amount of this net annual rent for sixteen years that she has been deforced. She should have been allowed to show at what rate from year to year the land might have been leased with privilege to use it as the dowress in possession might have used it.

Neither the case of Reilly v. Bates, 40 Mo. 471, or Thomas v. Mallinckrodt, 43 Mo. 67, or of Reilly v. Clamorgan, 15 Mo. 331, furnish any ground for the proposition that in estimating damages in dower, if it appear that the slightest expenditure of time, labor or money be required to make the property productive, no damages can be recovered by the dowress.

In Riley v. Clamorgan, the Supreme Court decides that "the yearly value of the widow's dower is its net annual product, without the expenditure of money and labor by the heir or his assignees evidently, and as appears from the case itself. No property is productive without the expenditure of some money

and labor upon it by some one at some time. In the case at bar we proposed, but were not allowed, to show what was the yearly value of the land in question, to rent it as it stood at the death of the husband and has ever since stood, giving to the lessee the right to use it as the dowress — as we have shown — might, without waste, use it herself. This is its net annual product without the expenditure of money or labor upon it by the dowress, or the heir or his assignee.

In Reilly v. Bates, 40 Mo. 471, the trial below proceeded on a theory which the Supreme Court condemns. That theory was, that an amount of money equal to one-third of the yearly value of the premises must be paid to the plaintiff for her damages, to be fixed by ascertaining what the yearly rent would be if the lot has been improved and used by defendant so as to make it reasonably productive.

The property in question was a vacant lot in the city. The Supreme Court held that the owner of an unimproved lot in the city, especially a trustee of a married woman, which was the case presented to them, was not bound to improve the lot to make it bring in a revenue — a proposition to which we cheerfully assent, but which does not affect the pending cause.

Thomas v. Mallinckrodt, 43 Mo. 67, was also a case of town lots. In that case the Supreme Court sustained the court below in instructing for the respondent, that "the jury should find from the evidence before them the yearly net value of the land without reference to improvements, and after deducting taxes, if the same had been reasonably used by the owner," which is all we need claim. Witnesses were asked what the vacant lots were worth to rent, and there is no hint of any error in this.

*Cline, Jamison & Day,* for respondent, relied upon Reilly v. Clamorgan, 15 Mo. 531; Thomas v. Mallinckrodt, 43 Mo. 58.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the plaintiff to have dower assigned to her in a tract of land consisting of twenty acres, which was owned by her husband at the time of his death. Commission-

ers were appointed who set out to the plaintiff her proper portion, and their report was approved, and to that there is no objection. The tract was timbered land, and not inclosed or in cultivation. A jury was impaneled to assess the damages, and, under the instructions of the court, found a verdict for the defendant. The giving and refusing of instructions is assigned for error.

The first instruction asked by the plaintiff and refused is, in substance, the same as the one which was condemned by this court in the case of Reilly v. Bates, 40 Mo. 468.

The court, of its own motion, gave an instruction which we think covered the whole case and submitted the issue fairly. It told the jury that the plaintiff was entitled to recover damages for the detention of her dower, and it was their duty in assessing such damages to find from the evidence in the cause what was the reasonable net yearly value of the land without reference to any improvements, after deducting the taxes, if the same had been reasonably used by the owner, and to allow the plaintiff one-third of the net sum.

This instruction is in exact conformity with the rule laid down in Thomas v. Mallinckrodt, 43 Mo. 58. It imposes on the owner of the land the duty of making it reasonably productive, so that the widow shall obtain her proportionate share, if any is due her, by fair management. But in the very nature of things the law could go no further. There is no rule by which the measure of improvements or productiveness could be fixed.

Adaptability and circumstances must govern each particular case. It matters not whether the property is actually used. The true criterion is, what is the yearly value if the property had been reasonably used by the party in possession holding the title. This view was fairly taken, and I am unable to see that the court committed any error.

Judgment affirmed. The other judges concur.