Griffin v. Regan.

GRIFFIN v. REGAN, *Plaintiff in Error.*

1. **Errors not Reviewable, when.** Errors alleged to have occurred at the trial below, but not mentioned in the motion for new trial, will not be considered here. Such errors are, trial by the court without a jury waiver, and the giving of improper instructions.

2. **Dower:** MEASURE OF DAMAGES FOR DETENTION: YEARLY ALLOWANCE. The damages recoverable for detention of dower are one-third of the net yearly value of the land in the past, reasonably used, without reference to any improvements put on it by the defendant, and after deducting taxes paid by him; and the yearly allowance in lieu of dower is one-third of the present yearly value of the ground rent in its present condition, not including the rental value of the improvements.

3. **Action for Dower:** MODE OF ESTIMATING MONEY JUDGMENT. In an action for dower, the court having ascertained that the land was not susceptible of division, left it to the jury under proper instructions to determine, and the jury, by a special verdict, did determine, (1) The damages already sustained by the demandant, (2) The present yearly value of the premises; and the court entered judgment for the past damages and one-third of the present yearly value. *Held,* correct.

4. ————: JUDGMENT MUST BE SPECIAL. Under the statute, (R. S. 1879, ₰ 2228,) the only money judgment recoverable in an action for dower is a special judgment against the land in which the dower is demandable. A general judgment against the defendant will be error.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

*Winslow & Cunningham* for plaintiff in error.

*Harding & Buller* and *J. C. Cravens* for defendant in error.

NORTON, J.—This suit was instituted in February, 1871, in the circuit court of Jasper county, by the plaintiff, formerly Arabella Fisher, now Arabella Griffin, (her husband joining in the suit,) for the assignment of dower to her in lots 15 and 16 in the city of Carthage. Judgment was rendered on the 25th day of March, 1875, after trial had upon the issue presented in the answer of defendant, in which she was adjudged to be entitled to dower in the above premises. The said property was sold in 1853 at execution sale as the property of Edward Fisher, to whom it then belonged, and who was then the husband of said plaintiff Arabella Griffin. Fisher died in December, 1864. The defendant bought said lots in 1868, at which time the lots were without improvements. In 1869 the defendant erected upon the lots a brick block of buildings at a cost of about $15,000, the naked lots then being worth, according to the evidence, from $5,000 to $8,000. Commissioners having been appointed to admeasure demandant's dower, at the April term, 1877, reported that the premises were not susceptible of division, and at the September term of the same year a jury was empanelled to assess to plaintiff damages for detention of dower, and to find the yearly value thereof for future years. The jury returned into court the following verdict: " We, the jury, assess plaintiff's damages for the detention of dower, at the sum of $698.50, and further find the yearly value of the ground rent to be $500."

Upon this verdict the court rendered a general personal judgment against defendant for the sum of $698.50 for detention of dower, and the sum of $166.66 annually from and after the 15th day of September, 1877, during the natural life of said Arabella. From this judgment defendant has prosecuted his writ of error to this court.

Among other objections, it is urged by counsel that the trial of the question as to whether demandant was entitled to dower in the premises was by the court without the intervention of a jury, and that the record does not show waiver of a jury; that improper instructions on said trial were given for plaintiff, which are now lost. As to these objections it may be said that in the motion for new trial neither the giving of im . proper instructions, nor the fact that the question was tried without the intervention of a jury was called to the attention of the court as grounds for the motion; and for that, if for no other reason, the objections urged cannot be considered.

*1. ERROR NOT REVIEWABLE, WHEN.*

On the trial had in September, 1877, to ascertain demandant's damages for detention of dower, and the annual amount she would be entitled to in the future, the court proceeded on the theory that demandant was entitled to recover as damages for detention of dower one-third of the net yearly value of the land or lots without reference to the improvements put by defendant on the lots, after deducting the taxes paid by defendant, if the same had been reasonably used by the owner; and for future years one-third of the present yearly value of the ground rent in present condition and use of premises not including the rental value of the improvements thereon. The court was fully warranted in trying the case upon the above theory by the following cases: *Riley v. Clamorgan*, 15 Mo. 331; *Thomas v. Mallinckrodt*, 43 Mo. 58; *O'Flaherty v. Sutton*, 49 Mo. 583.

*2. DOWER: measure of damages for detention: yearly allowance.*

Various exceptions on the trial were taken to the action of the court in receiving and rejecting evidence, and giving and refusing instructions, which we do not deem necessary to consider in detail, as they may well be disposed of by saying that the evidence received and instructions given by the court were in harmony with the above theory on which the case was tried, and that the evidence rejected and the instructions refused were antagonistic to it.

We do not perceive that the cases of *McClanahan v.* *Porter,* 10 Mo. 746, and *Reily v. Bates,* 40 Mo. 468, to which we have been cited, are in conflict with the cases herein cited by us; and if they asserted the doctrine contended for by counsel, that plaintiff could only recover one-third the rental value of the lots in 1853, when they were aliened by her husband in virtue of the sheriff's sale, we would not give it our sanction.

It is also urged by counsel that error was committed by the court in entering up a judgment for plaintiff on the

3. ACTION FOR DOWER: mode of estimating money judgment.
verdict of the jury for one-third the amount found by them as the yearly value of the entire ground rent of the lots. This point we think is not well taken. The jury was properly instructed that in assessing the yearly ground rent of the premises, they should take into consideration its situation with reference to business property in the city of Carthage, and allow plaintiff as damages one-third of such value as defendant may or could have realized for the same by fair management from the commencement of suit till the 14th day of September, 1877, after deducting taxes and not including rental value of improvements thereon; and they were instructed to return in their verdict, in addition to the amount of damages already accrued to plaintiff, if they found any, the present yearly value of said ground rent in present condition and use of premises, not including rental value of improvements thereon. The verdict of the jury hereinbefore recited was responsive to these instructions, and their special finding as to the yearly rental value of the entire lots, in which plaintiff had been adjudged to be entitled to dower by the judgment of the court at its March term, 1875, fully warranted the court in entering up judgment for one-third of the amount so found. Upon this special finding the amount of the judgment to which demandant was entitled was measured by the law, her right to dower having been already ascertained by the judgment of the court. The cases to which we have been cited to

show that the verdict was a nullity, have no application to a case where a special finding has been directed by the court.

It is also urged that the court erred in rendering a general personal judgment against the defendant, and in award-

**4. ———: judgment must be special.** ing a general execution. This point is well taken, as section 2228, Revised Statutes, provides "that in all cases of judgment for damages or yearly allowance in favor of any widow under the provisions of this chapter, execution thereof shall be awarded only against the estate in which the dower shall have been assigned." The judgment of the circuit court will, for the error thus committed, be reversed, and judgment will be here entered for the plaintiffs for the sum of $698.50, damages for detention of dower, with six per cent interest thereon from the 15th day of September, 1877, and the further sum of $166.66 annually from and after the 15th day of September, 1877, with like interest, during the natural life of plaintiff, Arabella Griffin, in lieu of dower in the premises, and that plaintiffs have special execution therefor to be levied on lots 15 and 16 in the city of Carthage, Jasper county. The costs growing out of the prosecution of defendant's writ of error are hereby adjudged against the plaintiffs. All concur.