RANNELS v. WASHINGTON UNIVERSITY, *Appellant.*

1. **Dower**: APPEAL. The order approving the report of commissioners appointed to assign dower is not the final judgment, when damages are to be assessed, from which an appeal will lie.

2. ————: COMMISSIONERS' REPORT. The action of the trial court in approving the report of commissioners assigning dower will not be disturbed by the supreme court unless it clearly appears that they have abused the discretion reposed in them.

3. **Dower, Demand For**: DAMAGES: STATUTE. Under Revised Statutes, section 2206, providing that a widow entitled to dower which must be recovered by suit, may recover damages, if her husband did not die seized, from the date of her demand for dower, she may recover damages from such date, though the demand was made of the grantor of the defendant in the suit for dower.

4. **Dower**: IMPROVEMENTS BY HUSBAND'S GRANTEE: DAMAGES. Where the husband alienates land and the grantee makes valuable improvements on it, in assigning dower after the husband's death, the increased value of the land by reason of the improvements, estimated as of the date of the assignment, should be deducted from the entire value of the property and the widow be endowed of one-third in value of the residue; and damages for detention of dower should bear such proportion to the net productive value of the whole property as the dower bears to the whole value including improvements.

Rannels v. Washington University.

5. ——— : TAXES. Only taxes actually assessed and paid by defendant should be deducted from the rental value in estimating damages for the detention of dower.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Cunningham & Eliot* for appellant.

, (1) The widow is entitled to have such part of the lands set out to her as dower as will produce an income equal to one-third part of the income which the whole estate would produce if no improvements had been made upon it since it was conveyed by the husband. *Carter v. Parker*, 28 Me. 509 ; *Strickler v. Tracy*, 66 Mo. 495 ; *O'Flaherty v. Sutton*, 49 Mo. 58 ; *Riley v. Bates*, 40 Mo. 468 ; *Webb v. Townsend*, 1 Pick. 22 ; *Macknet v. Macknet*, 24 N. J. Eq. 449 ; Scribner on Dower, 599 ; *Gilgartner v. Gebhardt*, 25 Ohio St. 557 ; *Scannon v. Campbell*, 75 Ill. 223 ; *Stevens v. Stevens*, 3 Dana, 371 ; *Smith v. Smith*, 5 Dana, 179 ; *Connor v. Shephard*, 15 Mass. 164 ; *McDaniels v. McDaniels*, 3 Ired. L. 61 ; *Gibson v. Marshal*, 4 Rich. Eq. 210 ; *Leonard v. Leonard*, 4 Mass. 533. (2) If an award of commissioners is unreasonable or the result of prejudice or partiality, or of action upon a wrong basis of estimating the proportion of land to be set out, it is the duty of the court to set aside the same and to order a re-ascertainment. *Lenox v. Livingston*, 47 Mo. 256 ; Mills on Eminent Domain, sec. 245 ; *Railroad v. Probate Judge*, 53 Mich. 217 ; *Bank v. Albany*, 9 Wend. 244 ; *Railroad v. Suydam*, 17 N. J. L. 25 ; *Railroad v. Richardson*, 45 Mo. 466 ; *Bridge Co. v. Ring*, 58 Mo. 495 ; *City v. Railroad*, 84 Mo. 410. The affidavits of the commissioners may properly be used to impeach the award, and in the absence of counter-evidence must be taken as true. Mills

on Eminent Domain, sec. 245 ; *Bank v. Albany*, 9 Wend. 244 ; *Railroad v. Suydam*, 17 N. J. L. 35. (3) The judgment of the court confirming the report of commissioners assigning dower is a final judgment from which an appeal lies to the supreme court. *Railroad v. Brick Company*, 85 Mo. 307 ; *Thomas v. Malinckrodt*, 43 Mo. 58 ; 2 Scribner on Dower, 678 ; R. S. sec. 3710. (4) The right to damages for detention of dower is statutory, and personal in its character. In the absence of demand upon the defendant they can be recovered only from the institution of the suit. Cameron on Dower, 521 ; Statute of Merton [Henry III. ch. 1] ; 1 Wash. on Real Prop. [4 Ed.] 281 ; R. S. sec. 2206 ; 2 Scrib. on Dower [1 Ed.] 677. (5) The measure of damages for detention of dower is one-third of the reasonable net yearly value of the land, calculated for the period for which the widow is entitled to recover, without reference to improvements, after deducting expenses of repairs and taxes, if the land has been reasonably used by the owner. *McClanahan v. Porter*, 10 Mo. 746 ; *Riley v. Claymorgan*, 15 Mo. 331 ; *Riley v. Bates*, 40 Mo. 468 ; *Thomas v. Malinckrodt*, 43 Mo. 58 ; *O' Flaherty v. Sutton*, 49 Mo. 583 ; *Griffin v. Regan*, 79 Mo. 73 ; Scribner on Dower, 331 ; *Tod v. Baylor*, 4 Leigh,. 498. (6) The judgment, which directed execution for the damages assessed to be levied upon the land assigned to the widow, is erroneous. R. S. sec. 2229.

*George A. Castleman, Andrew Mackey, Jr.*, and *J. J. Laughlin* for respondent.

(1) Where lands have been alienated during the life of the husband, the widow is to be endowed of the lands whereof her husband was seized, according to their value, without reference to the betterments growing out of the labor or expenditures by the alienee in improving the same. *Griffin v. Regan*, 79 Mo. 73 ;

*O'Flaherty v. Sutton,* 49 Mo. 383 ; *Thomas v. Malinck-rodt,* 43 Mo. 58 ; *Reiley v. Bates,* 40 Mo. 468 ; *Riley v. Clamorgan,* 15 Mo. 331 ; *McClanahan v. Porter,* 10 Mo. 749. (2) Where lands have been alienated by the heir, damages, in actions for dower against the alienee of the heir, are assessed from the date of the death of the husband to the date of the assessment, whether such alienee took with or without notice of claim of dower. Scribner on Dower [2 Ed]. sec. 30 ; *Rankin v. Oliphant,* 9 Mo. 245. It follows that where lands were alienated during the life of the husband, and his grantor sells subsequent to the death of the husband, in an action of dower against such alienee, damages are computed for all arrears which could have been recovered in an action against the husband's alienee. Under our statute the recovery is from date of the demand. R. S. 1879, sec. 2206. Only one remedy for damages is given the widow and this is in her action for dower against the *terre tenant,* who has his remedy over against his grantor. *Rankin v. Oliphant,* 9 Mo. 245. The judgment for damages in actions for dower is special against the land in which dower is assigned, and not personal. R. S. 1879, sec. 2228 ; *Griffin v. Regan,* 79 Mo. 77. The demand need only be upon the ground and is good though the "tenant be not there to assign it." 2 Scribner on Dower [2 Ed]. 710.

BLACK, J.—This was a suit for the assignment of dower in two hundred acres of land, and for damages for the detention thereof. The plaintiff's husband, Charles S. Rannels, was the owner of the land during his marriage with the plaintiff. He became insane, and the land was sold in 1866 by his guardian to George Partridge. Rannels died in March, 1879 ; thereafter and on the seventeenth day of June, 1881, Partridge conveyed the property to the present defendant.

Both branches of the case were tried by the court without a jury. The court found the value of the land

in 1866 and 1867 to be twenty-seven thousand dollars, and that that value had been increased by reason of improvements made thereon by the defendant and its grantor in the sum of nine thousand dollars. In view of these improvements, the court adjudged the plaintiff to be entitled to be endowed of the one-fourth, instead of the one-third, and appointed commissioners to set off the same to plaintiff in value and amount. The commissioners assigned to the plaintiff forty acres, and to their report the defendant filed exceptions, which were overruled and the report approved.

As to damages, the case was then submitted to the court on agreed facts, which are, in substance, as follows : When the land was conveyed to Partridge, in 1866, it was covered with woods and underbrush ; had no rental value ; and would not, at the date of the trial, but for the improvements made by Partridge, produce any income. From 1866 to 1871, Partridge cleared the land, and put it in cultivation at a cost of thirty dollars per acre, fenced it at a cost of five hundred dollars, and built two houses upon it at a cost of twenty-five hundred dollars. From 1871 to and including 1885, the property in its improved condition rented for nine hundred dollars per annum, and thereafter for eight hundred dollars per annum. The taxes were three hundred dollars per annum to the date of the sale to defendant. Plaintiff demanded dower of Partridge on the twenty-seventh of June, 1880, while he, Partridge, owned the land ; but made no other demand therefor, except by the bringing of this suit, which was commenced on the twenty-fifth of April, 1884. The court awarded the plaintiff damages in the sum of twelve hundred and thirty-three dollars.

1. The court did not err in refusing the defendant an appeal from the order overruling the exceptions to the commissioners' report and approving the same. It still remained the duty of the court to assess the damages with, or if waived, without a jury. R. S. 1879, sec.

2214. It is from the final judgment only that an appeal is allowed. Sec. 2233. The order approving the report of the commissioners is not the final judgment, when damages are to be assessed, from which an appeal will lie. The case is not determined in the trial court until the question of damages is disposed of; and the appeal taken, when that question is determined, brings up the whole record for review in this court.

2. It is next contended that the report of the commissioners should have been set aside because they gave plaintiff for life the one-fourth of the property, in actual value, and more than one-fourth in rental value. It will be seen that the commissioners did not set off to her one-fourth in amount. The forty acres assigned to her includes one of the houses, and some of the evidence tends to show that this forty acres is somewhat in excess of one-fourth of the property, estimated according to present rental value, though one of the defendant's witnesses says it is about one-fourth of the whole in rental value. From the affidavits of two of the commissioners it appears that they were guided chiefly by the actual value of the land in assigning dower. It may be observed, in the first place, that much discretion is and must be reposed in the commissioners; and, unless it clearly appears that they have abused the trust confided to them the action of the trial court in approving their report will not be disturbed. No such abuse is shown in this case even on the theory that the commissioners should have been guided alone by the present rental value of the property. But they were guided by correct principles of law. Where the property is not susceptible of division, and it becomes necessary to give the widow a money consideration in lieu of dower in kind, then we must look to the productive value of the property. But the primary object of the law is to give her a third in kind, that she may have the actual use and possession of the same. It is a

life estate to which she is entitled ; and in setting out the estate she is entitled to her share in value. It is proper to consider the rental value, but that is not the sole guide by which the value is to be determined. She must have her third in value, all the circumstances going to make up that value considered. It is this value the commissioners gave her.

3. The remaining questions relate to the damages, and the first contention of the defendant in this behalf is, that they should have been assessed from the date of the commencement of this suit, and not from the date of the demand for dower. This question must be determined by the statute. Section 2206, Revised Statutes, 1879, provides that the damages shall be the value of the whole dower to her belonging from the time of her husband's death, if he died seized, or from the time of demanding dower, if he did not die seized. As the land was sold during the life of the husband, it is clear that damages can begin only from the date of the demand ; but here the only demand made was that made of Partridge on the twenty-seventh of June, 1880, and he subsequently and before the commencement of this suit conveyed the property to defendant, and hence it is argued that the demand is of no avail as against this defendant. This construction of the statute would put it in the power of the owner of the fee to defeat the demand by an alienation of the property. This, we think, is not the correct interpretation of the law. Damages, when recovered, can only be levied of the estate in which dower is assigned. R. S. 1879, sec. 2228. It follows that the plaintiff would not be entitled to a personal judgment against Partridge for any part of the damages. If only entitled to damages, as against this defendant, from the commencement of the suit, then she must lose the damages from the date of the demand to the commencement of the suit, and this, too, simply because Partridge saw fit to dispose of the property. The statute contemplates but one demand, other than

the institution of the suit, and if that be. made of the then owner of the property, it will fix the date from which the damages are to be assessed ; and this notwithstanding the subsequent conveyance of the property. The alienee will be put to his. recourse upon his grantor.

4.   The defendant's fifth refused instruction is in these words : "5.  The court declares the law to be that if the land, without expenditure of labor or money thereon, could not have been availed of for farming uses, and could not, with reasonable diligence, have been leased or rented so as to bring an income to the owner, then the plaintiff is not entitled to recover any sum of money as for the rental value thereof."

This instruction evidently has reference to the condition of the property at the date of the sale to Partridge in 1866, and, if given, the plaintiff, under the agreed facts, could recover no damages ; for it is agreed that if the land remained unfenced and unimproved it would not produce any income whatever.  Where the husband dies seized, the widow will be endowed according to the value of the land at the time of the assignment.   The same rule must be applied where the land has been sold during the life of the husband, and it has increased or decreased in value from extrinsic and general causes only.  And damages will be estimated on this increased or decreased value. *McClanahan v. Porter*, 10 Mo. 746.  But if the increased value is the result of improvements made by the husband's grantee, then the widow is to be excluded from the benefits of such increase.  Kent says the better American doctrine is, "that the improved value of the land, from which the widow is to be excluded, in the assignment of dower, as against a purchaser from her husband, is that which has arisen from the actual labor and money of the owner, and not from that which has arisen from extrinsic or general causes."   4 Kent's Com. 68 ; substantially the same rule is given in 3 Suth. on Dam. 352.  This court said, in the recent case of *Griffin v. Regan*, 79 Mo.

'74, that it would not give its sanction to the rule, that the plaintiff could only recover the one-third of the rental value of the lots at the time they were alienated by the husband by virtue of a sheriff's sale ; thus giving recognition to the right of the widow to be endowed in and recover damages on the increased value.

In this case, deducting the increased value by reason of the improvements, it resulted that plaintiff was entitled to have set off to her the one-fourth of the property in its improved state ; yet it is contended she is entitled to no damages for the detention of that fourth—a result both illogical and unjust, in view of the fact that the whole property produced eight hundred or nine hundred dollars per annum. It is true that without the improvements, the property would have produced no rental income, but it does not follow that plaintiff is entitled to no damages. To so hold is to look to the improvements alone, and to disregard the land. This we have no right to do, for the land is a substantial part of the capital which produced the income.

From the foregoing rules of law there can be no difficulty in arriving at the measure of damages for the detention of dower in those cases where the husband's alienee has made permanent improvements before dower consummate. It is not the cost of the improvements, but the increased value of the property by reason of them, of which she takes no part. This increased value must be estimated at the date of the assignment of dower, or, where damages are to be assessed, at the periods of time over which they are to be estimated. This increased value will be deducted from the entire value of the property ; and the widow will be entitled to be endowed, in value, of the one-third of the residue ; and thus we ascertain the proportionate part of the whole property, including the improvements, to which she is entitled to be endowed. In the present case it was the one-fourth. Damages for the detention of the

dower will be a like proportionate part of the net productive value of the whole property including the improvements, in this case the one-fourth.

Instructions were given and approved in *Thomas v. Mallinckrodt*, 43 Mo. 59, and *O'Flaherty v. Sutton*, 49 Mo. 583, which are cited as establishing a different rule. The instructions in those cases do fix the damages at one-third of the net yearly value of the land "without reference to improvements." The term "improvements," as used in those instructions, has no reference whatever to permanent improvements, made by the husband's alienee, as will be seen by an examination of the cases. Whilst in the first the property was alienated in the lifetime of the husband, still it does not appear that the alienee made any such permanent improvements, and no such question arose in the case. In the other case, the land was timbered, not inclosed or in cultivation, and was owned by the husband at his death, so that no question of permanent improvements made by the husband's grantee could or did arise. The instructions in those cases mean no more than the annual products, "without the expenditure of money," as these words are used in *Riley v. Clamorgan*, 15 Mo. 331, and in *Reiley v. Bates*, 40 Mo. 468. These cases are all in accord with the measure of damages which we have before indicated.

In *Griffin v. Regan*, 79 Mo. 74, dower was claimed in two lots in the city of Carthage, which had been sold during the life of the husband, and upon which the grantee had erected a block of brick buildings, and the property was not susceptible of division. Damages for the detention of dower and the yearly value of future years were assessed upon the basis of ground rents, and the judgment was affirmed. Such a rule will work out substantial justice in some cases as it doubtless did in that one; but it cannot be applied in cases like the present. Here, if we exclude all improvements and take

the land in an unimproved state, the. property has no rental value, yet the plaintiff was deprived of the possession of her dower, worth at least two hundred dollars per annum. Nor would the rule of ground rents apply to a case like that of *Powell v. Monson*, 3 Mason, 375. That is a leading case in the United States. There the alienee had erected expensive manufacturing works upon the property, which enhanced the value of the property much beyond the cost of the structures. And it was said: " The dower must be adjudged according to the value of the land in controversy at the time of the assignment, excluding all the increased value from improvements actually made upon the premises by the alienees ; leaving to the doweress the full benefit of any increase of value arising from circumstances unconnected with those improvements.''

Thus it will be seen that the husband's grantee, as well as the widow, has a right to have the property treated as a whole. The owner of the fee is not required to place permanent improvements upon property in which there is an inchoate dower, but he may do so if he sees fit. The law encourages such improvements, and when made, they become a part of the property and are to be so treated, save that the widow, when her dower becomes consummate, must be excluded from the increased value of the property brought about by reason of the improvements. It may be that in all cases it is the duty of the owner of the fee to make reasonable use of the property, and thus to make such annual repairs as such use would require, but that is a different question from the one which arises where permanent improvements have been placed upon the property before dower consummate. The rule before indicated as to the assignment of dower and for damages for the detention thereof, in cases where lasting improvements have been placed upon the property by the husband's alienee, is the one by which the court seems to have been guided in this case. Since the facts are agreed upon it is useless to

consider the other refused instructions. Taken together they are, in effect, the same as the one considered, and were therefore properly refused.

5. There is this further contention that may be mentioned : The defendant insists that the taxes should be deducted from this rental value of the property in estimating the damages for the detention of dower. This appears to have been done up to the time the defendant purchased the property. Since that time the defendant has paid no land tax because of a charter exemption from such taxation. It is the taxes assessed and only those that are assessed and paid that are to be deducted. The fact that the land was not subject to taxation whilst owned by the defendant, does not entltle it to have a land tax deducted from the rental value.

The judgment is therefore affirmed. RAY, J., absent. The other judges concur.