CARLIN et al., Appellants, v. MULLERY.

Division One, March 31, 1899.

149  255
f149 257
149  255
83a  38

**Appeals: JURISDICTION: DOWER.**  The Supreme Court has no jurisdiction of an appeal from a judgment assessing the yearly value of a widow's dower at $335, if the petition and answer admit her right to a life interest in one-third of the lot, and that the lot is not susceptible of division.

*Appeal from St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

CHARLES GIBSON and C. E. GIBSON for appellants.

J. G. & WM. F. WOERNER for respondent.

VALLIANT, J.—This is a suit by the heirs of John Mullery, deceased, against his widow, the defendant, to have the yearly value of her dower in a lot in St. Louis assessed,

the lot being not susceptible of division so as to assign the dower in kind.

The petition and answer admit the right of defendant to dower in the lot and that it is not susceptible of division, and unite in the prayer for the assessment of the yearly value of the dower according to section 4543, Revised Statutes 1889.   The suit resulted in an assessment of the yearly value of the dower at $335 and judgment accordingly, from which the heirs appeal.

The appeal was brought here probably on the idea that title to real estate is involved.   But there is no dispute between the parties on that subject.   Plaintiffs concede to defendant as dowress a life interest of one-third of the property, and defendant claims no more.   The yearly value is fixed by the judgment of the circuit court at $335, and the heirs appeal because they think that is too much.   The total value of the widow's life estate is not in question and there is nothing in the record upon which it could be estimated.

This court therefore has no jurisdiction of this cause, and it will be transferred to the St. Louis Court of Appeals.

All concur.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.