MRS. REGINA M. CARLIN et al., Appellants, v. MRS. ANNIE MULLERY et al., Respondents.

St. Louis Court of Appeals, December 28, 1899.*

1. Dower: YEARLY VALUE: PROPERTY INDIVISIBLE. The yearly value of dower in property not susceptible of division, is one-third of its net annual product without the expenditure of money or labor upon it after the deductions have been made from its gross income, of all the charges to which it is subject, such as taxes, repairs, insurance and other necessary charges.

2. ———: ———: ———: LIEU OF DOWER. It is the purpose of the law to give the widow the yearly value in lieu of dower in land that is indivisible one-third of its annual earning capacity, which it would acquire if put to reasonable uses by the owner, without expense or outlay, on his part.

3. ———: ———: ———: ADMISSION OF INCOMPETENT EVIDENCE. A dowress, in order to increase her rental charge, can not assume that the owners in fee of the property shall make a long lease and erect thereon new and valuable improvements, and the admission of evidence for that purpose will constitute reversible error.

MOTION FOR REHEARING.

4. ———: ———: DOWER ACT CONSTRUED. A fair management of the fee so as to make it reasonably productive does not impose a duty on the part of the owners of the land to let it for a term so protracted as to convert the lot itself into a mere rent-paying agency. No such obligation is imposed by the Dower Act— which is the sole source of respondent's right. This leads to an overruling of the motion for a rehearing.

*Held up on motion for rehearing.

Appeal from the St. Louis City Circuit Court.—*Hon. John M. Wood*, Judge.

MOTION OVERRULED.

*Charles Gibson, C. E. Gibson*, for appellants.

(1) The yearly allowance to the widow should be one-third of the present yearly value of the premises in the present condition and use of the premises. Griffin v. Regan, 79 Mo. 73; Riley v. Clamorgan, 15 Mo. 335; Young v. Thrasher, 115 Mo. 234. (2) The dowress has no right to make the owner improve the land by the erection of buildings for her benefit. Reily v. Bates, 40 Mo. 468; O'Flaherty v. Sutton, 49 Mo. 583; Thomas v. Mallinckrodt, 43 Mo. 58. (3) It is error to permit a jury to determine a question of pure law. State v. Le Faire, 53 Mo. 471; Peterson v. Zaik, 24 Mo. 544; Charles v. Palsh, 87 Mo. 462. (4) The widow owning a life estate that may cease any moment, should not have her yearly allowance fixed on what the property will yield on a ninety-nine-year lease. (5) Minors, by well-settled legal principles, can not enter into a legal and binding lease of their property when not for their education and maintenance, and when not sanctioned by court or duly appointed guardian.

*J. G. & Wm. F. Woerner* for respondent.

(1) The net yearly value of a widow's dower is determined, not by actual rental received from existing buildings, but by what the property would yield under fair management so as to make it reasonably productive. The age and condition of widow and owner and their relations to each other or to the property are wholly irrelevant in determining rental value. The test is the value of the property per annum in its present condition to any reasonably prudent

manager, irrespective of the actual owner's ideas, acts or wishes. When this amount is ascertained, the widow is entitled to one-third thereof. Fair management is determined by the locality of the property, its fitness for different uses and all circumstances making it productive; adaptability and circumstances govern each particular case; therefore, the usual method of a lease for a term of years can not be excluded as a factor in arriving at the rental value, because that is one of the modes in which by fair management the owner may make the property productive. Riley v. Clamorgan, 15 Mo. 331; O'Flaherty v. Sutton, 49 Mo. 583; Reily v. Bates, 40 Mo. 468; Griffin v. Regan, 79 Mo. 73; Walker v. Deaver, 79 Mo. 666; Rannels v. Washington University, 96 Mo. 235; Young v. Thrasher, 115 Mo. 225. (2) The widow holds by a right paramount to that of the heir. Long v. Kansas City, 107 Mo. 298, 304; Davis v. Green, 102 Mo. 170, 181. (3) The widow was not required to contribute to the payment of the amounts of the deeds of trust before foreclosure. Woerner on Administration, sec. 111, p. 237; 5 Am. and Eng. Ency. of Law [1 Ed.], "Dower," pp. 899, 900.

BOND, J.—This is a suit to set off to defendant the yearly value of her dower in twenty-five feet of ground, not susceptible of division, which comprised the real estate belonging to John Mullery at the time of his death. The plaintiffs are his children and grandchildren, the offspring of a former marriage, his first wife being deceased. The defendant is the widow and relict of a second marriage contracted by him in 1890 at the age of eighty years, and dissolved by his death in 1895. The latter marriage resulted in no issue. The cause was submitted to the court without a jury. The plaintiffs' evidence disclosed the situation of the lot as the eastern half of fifty feet of ground formerly owned by the decedent (the western half of which he had conveyed to his

daughter, Regina M. Carlin), situated on the south of Chestnut street, between Ninth and Tenth streets; that a two-story brick building was erected on the lot in question covering its entire length and its width for eighteen feet west of its eastern boundary line; that the remaining seven feet of the lot was covered for a part of its length by the projection thereon of a one-story brick blacksmith shop situated on the front part of the lot conveyed to Regina .M. Carlin; that there was also on the rear of the Carlin lot a brick tenement house separated by a space from the blacksmith shop on the front of the Carlin lot, which projected seven feet upon a part of the lot described in the petition; that the latter lot is therefore bounded on its west side by the buildings on the Carlin lot, except as to the small space between said buildings, and bounded on its east side for the full length by a livery stable, all of which surrounding structures had existed for more than twenty-five years; that for many years previous to his death Mr. Mullery, who was a retired blacksmith, had been leasing the property in question and realizing therefrom a yearly rental of about $600 net; that the executor of his estate had received about the same sum since the death of Mr. Mullery, and that as the lot was situated, improved and bounded, it could not now be leased annually, or for a short term, for a larger sum.

For the defendant there was evidence, admitted over the objection of plaintiffs, given by expert real estate agents tending to show that with new and different improvements thereon the lot at a long leasing—from fifty to ninety-nine years—would bring in a rental value of six per cent on a valuation of the fee at $900 per foot. Upon the theory of the evidence presented by defendant the court rendered judgment fixing the yearly value of defendant's dower at $335, from which plaintiffs appealed.

If this was the correct rule for computing the yearly value of the dower of defendant in the lot described in the

petition under the facts shown in this record that judgment must be affirmed, otherwise it must be reversed.   The primary purpose of dower in lands is to create an interest in a specific portion, to wit, one-third thereof, which shall endure for the life of the dowress.   It is only in cases like the present, when the land is not susceptible of division, that the statute awards to the widow, in lieu of her usufruct for life of a certain part of the land, a sum represented by the yearly value of that portion of the lands which she could not receive.   The statutes on the subject are the only source and measure of her right to dower in kind, or when that is impossible, to the alternative yearly value of the land which could not be assigned.   R. S. 1889, secs. 4513 and 4543; Chouteau v. Railroad, 122 Mo. loc. cit. 394.   The solution of the question presented by this appeal depends, therefore, upon the proper rule to be applied to ascertain the yearly value of one-third of the aforesaid lot, which sum defendant is entitled to receive annually during her natural life. R. S. 1889, sec. 4544.   On this subject it has been announced by our supreme court:   "The yearly value of real estate is its net annual product, without the expenditure of money or labor upon it, after the deductions have been made from its gross income, of all the charges to which it is subject, such as taxes, repairs," etc.   *   *   *   "This will depend upon the locality of the property, its fitness for different uses, and all the circumstances by which its productiveness may be increased or diminished.   On the one hand no fanciful idea is to be indulged of modes in which, by extraordinary management, it might be made to produce a large income; nor, on the other, is the idea to be allowed a controlling influence, that the owner may not choose to make it productive.   It is a practical question to be determined in relation to property held by one person, for the use of which he is to pay an annual sum for the whole life of another.   It is a question that applies to the particular property in which the

dower is claimed." Riley v. Clamorgan & Rippey, 15 Mo. 331; affirmed in Reily v. Bates, 40 Mo. 468. Again, "adaptability and circumstances must govern each particular case. It matters not whether the property is actually used. The true criterion is, what is the yearly value if the property had been reasonably used by the party in possession holding the title." O'Flaherty v. Sutton, 49 Mo. 588; affirmed in Griffin v. Regan, 79 Mo. 73; Young v. Thrasher, 115 Mo. loc. cit. 235. It will be seen from the foregoing definition of yearly value in lieu of dower and the legal method prescribed for ascertaining it, that the law aims to give the widow, in such cases, one-third of the annual earning capacity of dowable land which it would acquire if put to reasonable uses by the owner, without expense or outlay on his part. The law does not compel the owner of the fee to add to the rental value of the land by contributing his own money to its improvement, or by effecting leases thereof so far into the future as to prevent any enjoyment of the fee in the lifetime of the owners, in order that the share of the rents to which the dowress is entitled should be abnormally increased over what she would have received if the property had been let in the condition in which it descended and for an annual or short term. In the case at bar the proof is, that the lot, with a structure now occupying it, has produced on annual or short leases a rental of $600 net for many years prior to the death of defendant's husband and since that event, and that this rental value could not be increased under the existing condition of the property and the adjacent lot and improvements, unless it could be demised for a term of fifty or ninety-nine years, in which event the expert opinion is that its rental would be more than double, upon the assumption that the lessee for such a protracted term would agree to substitute new and suitable improvements for those now upon the property. It is earnestly contended by the learned counsel for respondent that the yearly value of the

lot should be estimated as if this project had been accomplished by the owners of the fee. We can not admit the justice of this contention. It certainly has no support in the adjudged cases in this state, nor is it in harmony with the conclusions of reason upon the subject. If, to subserve the interest of the dowress for the few years she may expect to live, the owners of the fee in the lot, adults and minors, should have their estate charged as for a rental value yielded by demise from fifty to ninety-nine years, the result would be a manifest deprivation of the right of the owners of the property to use and control the fee vested in them. Such a demise would create an annuity of rents lasting probably one hundred years, but would deprive the owners of the fee and their descendants during that period of any other use, control or enjoyment to the property itself. The law does not make it the duty of the owners of property to make such a sacrifice of their estates for the benefit of the temporary encumbrance of dower. It guarantees to every man the reasonable use of his own property. It can not go further in favor of one having a special interest in such property, without violating the rights of the general owner. It is clear that the owners of the lot described in the petition could not be reasonably called upon to devote their property to the uses suggested by the testimony given on behalf of defendant. The law does make it their duty to employ fair management in the use of the lot. And whether or not it is actually rented or used, they are responsible to the dowress for her proportion of the rental value which could be gotten in the market, by putting the property to the uses justified by its condition, and to which it is shown in this record to be adapted. In the accomplishment of these purposes they can only be charged for the rent which the property would yield upon annual or short term leases. The case of Seammon v. Campbell, 75 Illinois 223, is cited by the learned counsel for respondent in support of their con-

tention on this appeal. All that was decided in that case is, that the rental value of certain city property might be arrived at by taking six per cent of the valuation of the lot per front foot, excluding from such valuation the improvements which had been erected upon the lot by the alienees of the land. It is difficult to see how the rule adopted by the Illinois court differs in substance from the rule disapproved in Riley v. Rippey, 15 Mo. 334. There the widow sought one-third of six per cent of the money value of the lot, which the statement of the counsel shows was exclusive of the value of the improvements thereon. This was, of course, substantially the method approved in the Illinois decision, but our supreme court held that such was not the true rule for estimating the yearly value of the premises. It is apparent, therefore, that the case cited (if it were otherwise in point, which is not conceded), is not even a persuasive authority on the question under review. The learned trial judge erred in the reception of the evidence offered to show the probable value of the premises if let for the terms suggested by the witnesses for defendant, and in regarding such evidence as an element of the yearly value of the lot.. The judgment is therefore reversed and the cause remanded, to be tried in conformity with the views expressed in this opinion. All concur. ·

## MOTION FOR REHEARING.

BOND, J.—The learned counsel for respondents earnestly contends that the main opinion in this case misapplies the law governing the right of a dowress to the yearly value of land which can not be assigned. We think this position of counsel rests upon an imperfect view of the statutes applicable to the question. The Dower Act entitles a widow to the yearly value of land, subject to that right which "is not susceptible of division without great injury thereto," and

she may acquire this upon her own suit, or that of the heirs or other persons interested in the land. R. S. 1889, secs. 4534, 4543 and 4546. This act, in suits thereunder, does not provide for a sale of the land, nor for a personal judgment against the owners of the fee, but does provide for an execution against the land alone for the yearly allowance in favor of the widow. R. S. 1889, sec. 4556. In effect it creates an encumbrance on the land enforcible against it at annual intervals during the life of the widow for a fixed sum. On the other hand the partition act provides for the sale of land which "can not be divided without great prejudice to the owners," and the payment of "the present value of any dower interest therein," (R. S. 1889, secs. 7132, 7163, 7170, 7174; Weatherford v. King, 119 Mo. 51), and permits suits for that purpose by "any one or more of the parties interested." In the case at bar the action was brought by the heirs to assess the "yearly value" of the widow's dower in an indivisible lot. The latter by her answer admitted the gravaman of the petition and joined in its prayer (Carlin v. Mullery, 149 Mo. 255), necessarily therefore, her relief is confined to that afforded by suits under the dower act. Neither by a prior suit, nor as a defense to the present one, did the widow ask for a sale of the land under the partition act above cited. If she was not satisfied with the yearly value which the statute gives her in lieu of dower in kind in actions like the present, she should have exercised her right as a person *sui juris* to invoke the statute of partition, whereunder the land might have been sold, and wherein she would have realized the present value of her dower, calculated upon the basis of the proceeds of the sale and her future expectancy of life. Such a calculation would evolve a sum represented by legal interest for her life expectancy upon one-third of the value of the fee as represented by the proceeds of the sale, and would be an apt disposition of the matter in a partition proceeding, but would

be clearly outside of the scope of the letter or spirit of the relief afforded in a suit to assess the yearly value of dower; yet the whole trend of the testimony adduced on behalf of respondent in this case was to show that the lot in question might be leased for so long a term that its rental value would be six per cent on the value of the fee. We were unable to concede the competency of this testimony under the language of the act upon which this suit is based, nor has that conclusion been shaken by the suggestion of the learned counsel for respondents, that while the owners of the fee should have it charged with a yearly value which could be produced by the extended letting referred to by the witnesses, yet they were not obliged to execute leases for that duration, but were privileged to put the land to other uses. The whole concensus of the evidence in this case is, that the high rental insisted upon by respondents could only be secured by letting for the term of fifty to ninety-nine years; that a letting for a lesser term would only yield the same rental which had accrued before and after the death of the testator. Unless, therefore, the owners of the fees were prepared to stand a loss in the receipt of rents for the property, they would be constrained to let it for the term supposed by the witnesses for respondent in order to earn a sum which would justify the payment of the widow's dower; and the same result would follow in the diminution of the price which the owners would receive upon the sale of the property, by the excess of the amount claimed for respondent over that which would be assessable in her favor under annual or short leases of the property. It seems to us that these considerations demonstrate the unsoundness of the contention of the learned counsel for respondents. As was said in the main opinion, we do not think fair management of the fee so as to make it reasonably productive, implied a duty on the part of the owners of this lot to let it for a term so protracted as to convert the lot itself into a mere rent-paying

agency.   No such obligation is imposed by the dower act—which is the sole source of respondent's right—nor by the decisions construing its purpose and intent, and the evidence as to the rent-paying capacity of land so protracted does not in our view tend to show the yearly value to which the act in question restricts the widow when the land itself can not be assigned in kind.

The motion for rehearing is overruled.   All concur.