Bartlett v. Ball.

HARRIETT BARTLETT, Appellant, v. D. A. BALL, Respondent.

**St. Louis Court of Appeals, February 4, 1902.**

**Dower:** ADMEASUREMENT OF: RENTAL VALUE OF PROPERTY, WHAT IT IS. Where the land or lot in which the widow is entitled to dower is not susceptible of division in kind and has no rental value separate and apart from the lasting improvements (in the benefits of which she is not entitled to participate), the rule in this State is to treat the property as a whole and out of its annual rental value as a whole to give to the widow her just proportion to be estimated by deducting from the net rent, that proportion thereof, which the improvements bear to the land and by dividing the remainder by three.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*J. H. Blair & Son* for appellant.

(1)   The cost of repairs in the future was entirely foreign to any issue in the case.   It could not affect one way or the other the damages for the detention of the dower in the past, and manifestly could not be considered in arriving at the present yearly value of the dower, as the condition and use of the property at the time of the trial only could be inquired into for that purpose.   Young v. Thrasher, 115 Mo. 235. Moreover, when the present yearly value is established, the dowager is entitled to the sum so fixed during the remainder of her life, though every vestige of the improvements should be swept away the next day thereafter, and never be replaced. (2)   Where the husband has alienated the land in his lifetime, and his grantees have made permanent improvements thereon, and the property is not susceptible of division in kind, in an action for the recovery of damages for the detention of her dower, and for the assessment of the yearly value thereof, the widow, to the extent that the productive value of the property is increased by the improvements alone, takes no part of said increased value, and the same should be deducted from the entire value of the property at the time of the recovery, and the widow allowed one-third of the residue.   On the other hand, to the extent that the productive value of the property is increased by the situation of the property and other extrinsic and general causes, the widow is entitled to one-third of the productive or rental value at the time of the trial, less one-third of the taxes paid thereon.   Young v. Thrasher, 115 Mo. 222; Rannels v. Washington University, 96 Mo. 226.

*Ball & Sparrow* for respondent.

(1)   We understand the rule in this State on the question of the assessment of damages and the yearly value of dower to be "the yearly value of real estate is its net annual

product without the expenditure of money or labor upon it after the deductions have been made from its gross income of all the charges to which it is subject, such as taxes, repairs," etc., Riley v. Bates, 40 Mo. 468; Carlin v. Mullery, 83 Mo. App. 30. (2) The court properly declared the law. Young v. Thrasher, 115 Mo. 222; Rannels v. Washington University, 96 Mo. 226; Riley v. Bates, 40 Mo. 468; Carlin v. Mullery, 83 Mo. App. 30; McClanahan v. Porter, 10 Mo. 462; Rankin, Blair & Gantt v. Oliphant, 9 Mo. 237.

·BLAND, P. J.—The material facts are that on the fourth day of February, 1830, plaintiff and William H. Bartlett were married at Newport, Rhode Island, and continued to reside in the east until the eleventh day of February, 1893, when William H. Bartlett died. On the eighteenth day of March, 1830, Bartlett executed to one Marshall Mann a power of attorney to convey seventy-six acres of land in Pike county, Missouri, which he then owned, in which plaintiff did not join. The land was conveyed by Mann to Edward Charless; plaintiff not joining in the deed. The land adjoined but was outside of the corporate limits of the town of Louisiana. Afterwards the corporate limits of the town were extended and the land was taken in and a portion of it laid out in town blocks and lots and was designated "Luce & McAlister's Addition to the City of Louisiana."

The defendant purchased and improved lot number fifty-seven, block six in this addition, except seven feet off of the east side of the lot. The petition is for the admeasurement of plaintiff's dower in this particular lot. On the second day of September, 1893, plaintiff demanded of defendant that he admeasure and set off to her a dower in said lot. Defendant failed to comply with this request and plaintiff brought this suit to have her dower set off to her. In the petition it is alleged that the property is not susceptible of division and asks that the yearly value in money of her dower interest be ascer-

tained and be paid over to her annually and that the damages be assessed to her from the date of her demand for the retention of her dower interest by the defendant.

The defendant admits the marriage; admits that lot fifty-seven, block six, is a part of the seventy-six acres of land originally owned by William H. Bartlett; denies that Bartlett was seized of the land during his coverture with the plaintiff and set up several other special defenses not necessary to be noticed, and denies that plaintiff is entitled to dower in the land described.

On a trial of the right of plaintiff to dower before the court it was decreed and adjudged that plaintiff was entitled to dower in the property described, and, further, that it is not susceptible of division in kind without great injury; that the appointment of commissioners to assign dower by consent of the parties be waived and ordered a jury to be impaneled to inquire into and assess the present yearly value of the plaintiff's dower and to inquire into and assess the damages that may have accrued to her by the retention of the dower down to the rendition of the verdict in the cause by the jury. Thereupon a jury was impaneled who, after hearing all of the evidence and the instructions of the court, returned the following verdict:

"We the jury on the assessment of damages from September 2, 1893, to the present date on lot 57, block 6, in Luce & McAlister's Addition to the city of Louisiana, find for the defendant.

"We the jury on the assessment of the yearly rental value of the lot known as lot 57, block 6, in Luce & McAlister's addition to the city of Louisiana, find for the defendant."

After the usual motions for new trial and arrest of judgment were filed and overruled plaintiff appealed.

On the trial it was admitted by defendant that plaintiff and William H. Bartlett were married on the fourth day of February, 1830, and that Bartlett died on the eleventh day of

February, 1893, and that the plaintiff on the second day of September, 1893, demanded of the defendant the assignment of her dower out of the real estate in question.

From an agreed statement of facts printed in the record we note the following facts: That William H. Bartlett, on the fifteenth day of November, 1830, sold and conveyed to Edward Charless seventy-six acres of land for an express consideration of three hundred dollars; that said land at the time was adjacent to and in the suburbs of the town of Louisiana, and but little if any of it was in cultivation and was worth at that time five dollars per acre; that at that time the population of the town of Louisiana was about one hundred and fifty persons. In course of time the corporate limits of the town were extended so as to include within its limits the said seventy-six acres of land; that during the year 1853 a part of the land was laid out in town lots, blocks, etc., and designated Luce & McAlister's addition to the city of Louisiana, which is at present one of the most desirable, eligible and valuable residence districts in the city of Louisiana; that the present population of the city of Louisiana is about six thousand persons; that the streets of the city are illuminated with electric lights and the city has a system of waterworks; that the property in question is on Georgia street and embraced in Luce & McAlister's addition and is within four and one-half blocks of the business part of the city and is in a desirable residence district; that the premises, including improvements thereon, are worth the sum of three thousand dollars. That the value of the premises exclusive of improvements is one thousand dollars and the rental value of the premises from September 2, 1893, down to the present time is the sum of one hundred and eighty dollars per annum and that the rental value from the date of the trial to one year thereafter would be the same; that the improvements were made prior to the year 1893; that the defendant has not rented the property since September 2, 1893, but has with his family occupied it as a family residence; that

all of the tract of seventy-six acres has for a number of years been laid out in town lots, blocks, streets and alleys and is almost solidly improved by the erection of residences thereon.

The evidence tends to show that the improvements on the lot consists of a two-story six-room brick dwelling house well improved and fitted for lighting by electricity and supplied with water from the city's waterworks. The yard is fenced and granitoid walks have been laid and the whole premises have been kept in a good state of repair by the defendant; that the lot aside from the improvements has no rental value and could not be rented for a sum sufficient to pay the annual tax assessed against it; that with the improvements the rental value of the property is fifteen dollars per month; that the annual tax upon the whole property is about forty-two dollars; that the expense of keeping the property in repair, including taxes, to say nothing of insurance, would equal or exceed the rental value of the property and that the property could not be rented for fifteen dollars per month unless it was kept in a good state of repair.

The court refused all of the instructions asked by the plaintiff, and of its own motion gave the following:

"1. The court instructs the jury that the plaintiff has dower in all of lot number fifty-seven in block six in Luce & McAlister's addition in the city of Louisiana in Pike county, Missouri, except seven feet off of the east side of said lot sold to William E. Jackson. It is the duty of the jury to assess to plaintiff such damages, if any, as have accrued for the detention of her dower in said premises from the second day of September, A. D. 1893, down to the present time, and also find and assess the present yearly value of her dower in said premises. It is admitted by the plaintiff and defendant that the value of said real estate, exclusive of improvements, is one thousand dollars, and that the entire value of said real estate, including improvements thereon, is three thousand dollars, and that the annual rental value thereof from September 2, 1893,

to the present time, is one hundred and eighty dollars, and that the rental value of said premises from the date of this trial one year hence will be the same. By these admissions the value of said real estate, exclusive of the improvements thereon, is one-third of the entire value thereof including said improvements. That at the agreed rental value aforesaid the total rental value from September 2, 1893, down to the present time, a period of seven years and three months, is thirteen hundred and five dollars. And in assessing plaintiff's damages for the detention of her dower from said second day of September, 1893, to the present time, the jury should allow plaintiff one-ninth of said sum of $1,305.00, less the amount of taxes, if any, paid on said premises by defendant for the years 1893 to 1900, inclusive, and less all payments and expenditures, if any, reasonably necessary and actually made by defendant for the purpose of keeping said premises in such a reasonable state of repairs, during the period aforesaid as to maintain said premises at the rental value aforesaid.

"2. The jury will also assess the present yearly value of plaintiff's dower in said premises, and assess the same at one-third of the present yearly value, if any, of the ground rent in present condition and use of the premises, not including the rental value of the improvements thereon."

To the giving of which plaintiff excepted at the time and saved her exceptions.

In a case like the one at bar, where the land or lot, in which the widow is entitled to dower, is not susceptible of division in kind and has no rental value separate and apart from the lasting improvements (in the benefit of which she is not entitled to participate), the rule in this State is to treat the property as a whole and out of its annual rental value as a whole to give to the widow her just proportion to be estimated by deducting from the net rent, that proportion thereof, which the improvements bear to the land and by dividing the remainder by three. Rannels v. Washington University, 96

Mo. l. c. 236; Young v. Thrasher, 115 Mo. l. c. 234.   Or, as was done in these cases and as the jury were instructed to do in the case in hand, by dividing the rent of the entire premises by a figure that gave to the widow her just proportion.

The refused instructions offered by plaintiff were to the effect that nothing should be deducted from the gross amount of the annual rent other than taxes which defendant had paid. Those given by the court required the jury to deduct also such sums as defendant had expended and as were reasonably necessary to keep the premises in a reasonable state of repair. In Riley v. Clamorgan & Rippey, 15 Mo. 331, it is said, "The yearly value of real estate is its net annual product, without the expenditure of money or labor upon it, after the deductions have been made from its gross income, of all the charges to which it is subject, such as taxes, repairs," etc.   Followed in Reilly v. Bates, 40 Mo. 468, and in Carlin v. Mullery, 83 Mo. App. l. c. 34.   The rule could not be otherwise in this class of cases without inflicting great injustice upon the owner of the land.   To require of him to pay for repairs necessary to keep the premises in good condition and such as are indispensable to keep it in a condition for rent and then to refuse to deduct such expenditures from the gross rent would be in effect to compel the owner to keep the plaintiff's property in repair at his own expense.

Instructions given by the court stated the correct rule for estimating the damages and those asked by plaintiff were properly refused.   The contention is that the court erroneously gave the jury blank forms of verdicts for the defendant; that only blank forms of verdicts should have been given to the jury for the plaintiff and for the insertion of the words "if any" in instruction number two given by the court.

Plaintiff assumes that she was entitled to recover something both as damages and for yearly rents.   The assumption is based on the fact that she has an adjudicated dower interest in the land and that defendant is in the occupancy of it.   The

Bartlett v. Ball.

greater weight of the evidence is that since the demand for the assignment of dower was made on defendant the premises have not yielded anything as rent, and that they could not have been made to yield any net sum as rent had they been leased.

The evidence is that this condition in respect to rent is not charged. That the charges in the way of taxes and necessary repairs has equaled or exceeded the rental value of the premises and under present conditions will continue to equal or exceed the rental value. If there has been no net income and none can be realized in the future, it is difficult to perceive from what source the plaintiff is entitled to substantial damages.

The question as to the amount of damages, if any, to which the plaintiff was entitled and the yearly rental value of the premises were questions of fact not of law. These questions were submitted to the jury by appropriate instructions and it was in accord with the usual and approved practice for the court to furnish the jury with blank forms of verdicts for both parties to the suit. There is a mass of irrelevant evidence in the record and evidence tending to prove facts contained in the agreed statement of facts but there is no evidence in the record by which the jury could have been misled or prejudiced against the plaintiff.

Discovering no reversible error in the record the judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.